**NOT FOR PUBLICATION**

```
             UNITED STATES DISTRICT COURT
                DISTRICT OF NEW JERSEY
                   CAMDEN VICINAGE
```

JOHN PSOTA,                        :    **CIV. NO. 19-16377 (RMB-KMW)**
                                   :
            Plaintiff              :
                                   :
       v.                          :    **OPINION**
                                   :
PUBLIC DEFENDER'S OFFICE,          :
*et al.*,                          :
                                   :
            Defendants             :

**BUMB**, DISTRICT JUDGE

Plaintiff John Psota, a pretrial detainee confined in the Atlantic County Justice Facility, in Mays Landing, New Jersey, brings this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915 and will be granted.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek

monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court will dismiss the Complaint for failure to state a claim.

I. *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

A. The Complaint

Plaintiff alleges the defendants, his public defender and prosecutor and their employers in Atlantic County, New Jersey, violated his civil rights under 42 U.S.C. § 1983 by (1) detaining him without evidence; (2) failing to release him pending trial; (3) ineffective assistance by his public defender, Kevin Moses, Esq, for seeking a plea bargain and failing to request a detention

3

hearing; (4) malicious prosecution and violation of his speedy trial rights by Assistant Prosecutor Daniel Buckley; and (5) violation of his Speedy Trial rights by the New Jersey District Court for failing to put in place Guidelines to protect his Speedy Trial rights. (Compl., ECF No. 1, ¶4.) For relief, Plaintiff seeks money damages (Id., ¶5.)

B. Claims Under 42 U.S.C. § 1983

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

"Criminal defense attorneys, including public defenders, do not act "under color of state law" and are not liable under section 1983 when performing traditional functions as defense counsel." Nelson v. Dauphin Cty. Pub. Def., 381 F. App'x 127, 128 (3d Cir. 2010) (quoting Polk County v. Dodson, 454 U.S. 312, 325 (1981)); Newton v. City of Wilmington, 676 F. App'x 106, 108 (3d Cir. 2017). Engaging in plea negotiations and seeking a client's release from detention are traditional functions of defense counsel entitled to immunity. The Court will dismiss with prejudice the Sixth Amendment claim brought under § 1983 against Kevin Moses, Esq.

Plaintiff has also sued the Public Defender's Office[1] for not releasing him "after seeing" there was no evidence to hold him. (Compl., ECF No. 1 at 5.) The Public Defender's Office does not have custody over Plaintiff, a pretrial detainee, and cannot release him. Assuming Petitioner's theory of liability is that his public defender failed to obtain his release, and the Public Defender's Office is his attorney's employer, there is no respondeat superior liability under 42 U.S.C. § 1983. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583 (3d Cir. 2003) (governmental entities cannot be "held responsible for the

---

[1] Plaintiff has not identified the specific Public Defender's Office.

acts of its employees under a theory of respondent superior or vicarious liability.") The Court will dismiss the § 1983 claim against the Public Defender's Office without prejudice.

"[A]lthough [a] municipality may not be held liable for a constitutional tort under § 1983 on the theory of vicarious liability, it can be held responsible as an entity when the injury inflicted is permitted under its adopted policy or custom." Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (citing Monell v. Department of Social Services of City of New York, 436 U.S. 658, 694 (1978)). In the unlikely event that Plaintiff can allege a Monell claim against a municipality under which the Public Defender's Office operates, he may file an amended complaint.

C. Prosecutorial Immunity

Plaintiff seeks to hold Assistant Prosecutor David Buckley and the Prosecutor's Office[2] liable for prosecuting him without any evidence and violating his Speedy Trial rights. Prosecutors have absolute immunity from § 1983 suits for activities intimately associated with the judicial phase of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430 (1976). The decision to prosecute is a prosecutorial activity that is subject to absolute prosecutorial immunity. Andros v. Gross, 294 F. App'x 731, 733-34

---

[2] Plaintiff has not identified the specific Prosecutor's Office.

6

(3d Cir. 2008) (citing Imbler, 424 U.S. at 431)). Absolute prosecutorial immunity also applies to delays by the prosecutor in bringing the case to trial. See Santos v. New Jersey, 393 F. App'x 893, 895 (3d Cir. 2010) ("even if [the plaintiff] could show that the alleged delays in his case were based on administrative rather than judicial considerations of the prosecutor, the doctrine of absolute immunity would apply.") Furthermore, a prosecutor's office, as an employer, is not vicariously liable under § 1983 for the acts of its employees. See Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000) ("a county cannot be held liable for the unconstitutional acts of its employees on a theory of respondeat superior.") The § 1983 claim against David Buckley is dismissed with prejudice based on immunity. The § 1983 claim against the Prosecutor's Office is dismissed without prejudice for failure to state a claim.

    D.    The District of New Jersey

Plaintiff has named the "New Jersey District Court" on Cooper Street in Camden, New Jersey as a defendant based on an alleged failure to put in place guidelines to protect Plaintiff's speedy trial rights. The District Court on Cooper Street in Camden, New Jersey is a United States District Court, and therefore is not a state actor subject to liability under § 1983.

Although there may be an implied cause of action where a federal actor violates an individual's federal constitutional rights,[3] Plaintiff is being prosecuted in a state court. Federal courts do not have authority to create state court rules or policies concerning a defendant's speedy trial rights. See generally Younger v. Harris, 401 U.S. 37, 43-44 (1971) (discussing "longstanding public policy against federal court interference with state court proceedings" particularly criminal prosecutions). Therefore, the Bivens claim against the New Jersey District Court is dismissed with prejudice for failure to state a claim.

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application and dismisses the Complaint based on immunity and failure to state a claim.

An appropriate order follows.

DATE: December 3, 2019

                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**

---

[3] Ziglar v. Abbasi, 137 S. Ct. 1843 (2017) (describing special factors analysis required before implying a remedy for a constitutional violation through a damages suit against a federal actor.)